**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| ELIA CORNEJO LOPEZ | § | |
| Plaintiff | § | CIVIL ACTION NO. |
| | § | |
| V. | § | _____ |
| | § | |
| CITY OF BROWNSVILLE, TEXAS and | § | **Jury Trial Demand** |
| CITY MANAGER, MR. NOEL BERNAL | § | |
| Defendants | § | |

<u>**ORIGINAL COMPLAINT**</u>

1. Elia Cornejo Lopez ("Plaintiff or Lopez"), files this Original Complaint and alleges as follows:

<u>**INTRODUCTION**</u>

2. Plaintiff Lopez brings this action to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), to remedy a breach of, and compel specific performance of, a Conciliation Settlement Agreement ("Agreement") between the U. S. Equal Employment Opportunity Commission ("EEOC"" or "Commission") and City of Brownsville, Texas ("Brownsville" "Defendant" or "City") and Plaintiff Elia Cornejo Lopez, ("Charging Party", "Lopez" or "Plaintiff") arising out of a charge of discrimination filed by Lopez (Charge No. 451-2007-01332) and (Charge 451-2022-00249). Title VII applies to Respondent City because  it is a person within the meaning of 42 U.S.C. § 2000e(a), and an employer within the meaning of 42 U.S.C. § 2000e(b). (See Exhibit 18 – 42 U.S.C. § 2000e).

3. The written Conciliation Agreement (contract) was signed by the City of Brownsville, EEOC, and Lopez. The Conciliaiton Agreement provides  that

Brownsville would treat all Municipal Court judicial positions as employee positions covered under Title VII of the Civil Rights Acts of 1964 and post the positions and conduct fair interviews pursuant to Title VII. (See Exhibit 21 – Required EEOC Notice to be Posted 2008 and Exhibit 1 – Conciliation Agreement).

4. Brownsville has intentionally failed and has intentionally refused to comply with the terms of the Conciliation Agreement. Brownsville has breached the Conciliation Agreement by intentionally not posting the municipal judge positions, intentionally not soliciting, and accepting applications, intentionally depriving charging party Elia Cornejo Lopez a fair opportunity to compete for the Presiding Municipal Court Judge position, and intentionally appointing a lesser qualified male to the position of Presiding Municipal Court Judge. (See Exhibit 2 – EEOC Determination Letter).

5. City, by and through, its City Manager Noel Bernal intentionally deprived charging party of the opportunity to compete. City received charging parties' resume and application. City, by and through, its City Manager Noel Bernal responded and thanked charging party for her interest in the position of presiding municipal judge. (See exhibit 7 – email from Bernal to Lopez). However, City, by and through, its City Manager Noel Bernal intentionally appointed a male presiding judge in violation of the Conciliation Agreement. As an applicant for the position of Judge, Lopez is not a judge until appointed and the taking of the judicial oath. (See Exhibit 14 – City Ordinance Re: Municipal Court).

6. City has intentionally and continuously breached the Conciliaiton Agreement and has continuously engaged in a continuous pattern and practice of appointing male judges without treating the vacancy for judicial positions as all other, regular city employee positions, in violation of the Conciliation Agreement. (See Exhibit 15 – City's list of appointed Judges). The continuous pattern and practice of appointing male judges without posting the vacancy(ies), without soliciting resumes from all genders, without conducting interviews resulted in an adverse disparate impact against women, specifically, charging party Lopez. (See Exhibit 16 - *Griggs, et. al. v. Duke Power Co. ,* 401 U.S. 424 (1971) and Exhibit 23 – National Railroad Passenger Corp v. Morgan, 536 U. S. 101 (2002)).

7. Plaintiff seeks to enforce the terms of the Conciliation Agreement and requests the Court to order the City of Brownsville to comply with the terms of the Conciliation Agreement and to cure the violations of the Conciliation Agreement. It is a breach of contract to violate the Conciliation Agreement. *EEOC v. Leona's Pizzeria, Inc.*, N.D. Illinois No. 1:12-cv-07335 assigned to U.S. District Judge James B. Zagel.

8. Plaintiff brings this action to enforce the Conciliation Agreement and seeks injunctive relief and monetary relief.

9. On November 1, 2021, Lopez filed U.S. EEOC charge No. 451-2022-00249 for the allegations of (1) Breach of Contract, Breach of the Conciliation Agreement, (2) Sex Discrimination, (3) Retaliation, and (4) Age Discrimination as a result of the intentional sex/gender discrimination, intentional breach of the

Conciliation Agreement, intentional retaliation of charging party, intentional age discrimination, and the continuous existing discriminatory pattern and practice of appointing males to the vacant judicial positions resulting in a disproportionately disparate impact against women. In *Griggs v. Duke Power* the court ruled that this pattern and practices policy violated Title VII of the Civil Rights Act of 1964, which prohibits employment discrimination based on race, color, religion, sex, or national origin which includes policies, pattern and practices that result in disparate impact against blacks. (See Exhibit 16 - *Griggs, et. al. v. Duke Power Co. ,* 401 U.S. 424 (1971)).   In our case, the policies complained of herein resulted in disparate impact against women, and specifically have had a disparate impact against Lopez.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f)(1) and (3) of title VII of the Civil rights Act of 1964, as amended, and 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

11. Venue is proper in this court because the breach of contract alleged to be unlawful was committed within the jurisdiction of the U. S. District Court for the Southern District of Texas. All breaches of Conciliation Agreement occurred in Brownsville, Texas. The discriminatory, continuous, patterns and practices resulting in disproportionate disparate impact against women and charging party occurred within the jurisdiction of the U. S. District Court for the Southern District of Texas. The intentional acts of discrimination against charging party occurred within the jurisdiction of the U. S. District Court for the Southern District of Texas.

## PARTIES

12. Plaintiff Lopez is the charging party in 2021 with a right to sue letter in 2024 and was the charging party in 2007 with a right to sue letter in 2008, and a party to the Conciliation Agreement between the City of Brownsville, Charging party Lopez, and the U. S. Equal Employment Opportunity Commission which is based and authorized pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (f)(3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. (See Exhibit 3 – 2024 Right to Sue Letter).

13. At all relevant times, Defendant, City of Brownsville has been a Texas municipal corporation since the year 1848 and is located in Cameron County, Texas. (See exhibit 8 and 9 – Article regarding City of Brownsville Fort and Articles of Incorporation). City has continuously been and is now doing business in the State of Texas and employs more than 500 people.

14. Brownsville may be served by serving its Mayor, John Cowen, at 1001 East Elizabeth Street, Brownsville, Texas, 78520. Noel Bernal may be served at his place of employment as the Adams County Manager, 4430 South Adams County Parkway, Brighton, CO 80601.

15. At all relevant times, Defendant has continuously been an employer engaged in City Government, receiving State and Federal funds, and monies from property taxes, under Sections *701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e (g) and (h).*

## STATEMENT OF CLAIMS

16. All conditions precedent to the institution of this lawsuit have been fulfilled.

17. In 2007, Lopez filed a charge of discrimination with the Equal Employment Opportunity Commission alleging violations of Title VII, specifically, sex discrimination by Defendant City. (See Exhibit 5 – 2007 charge of discrimination, 451-2007-01332). The EEOC, after investigating Lopez's charge of discrimination found reasonable cause of discrimination and issued a letter of determination in favor of Lopez. The Commission's representatives attempted to eliminate the unlawful employment practices alleged in the charge and to effect voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion. The Commission's Conciliation program is one method by which it fulfilled this responsibility. The Commission's efforts in this regard resulted in a Conciliation Agreement executed by Brownsville, the Charging Party, and the Commission. (See Exhibit 1 – Conciliation Agreement).

18. City of Brownsville was originally established in late 1848 by Mr. Charles Stillman, and was made the county seat of Cameron County on January 13, 1849. (See Exhibit 8 – incorporated 1848). The state originally incorporated the city on January 24, 1850. (See Exhibit 9 – Articles of Incorporation). In the 159-year history of City of Brownsville there had never been a parttime female municipal court judge although many qualified women had applied until 2008 when EEOC issued a determination letter in favor of Lopez.

19. In 2008, EEOC found reasonable cause of sex discrimination, and City and Lopez agreed to participate in the EEOC's Conciliation services. Attorney Rick Navarro of the Law Offices of Denton Navarro Rodriguez Bernal Santee & Zech, P.C., and Mr. Charlie Cabler City Manager, appeared for City of Brownsville and Charging Party, Elia Cornejo Lopez, appeared on her own behalf, EEOC appeared for EEOC. The

parties arrived at an agreement and the Conciliation Agreement was drafted by Hon. Rick Navarro and the Law Offices of Denton Navarro Rodriguez Bernal Santee & Zech, P.C. (See exhibit 10 – email from Hon. Rick Navarro, i.e., Conciliation Agreement.)

20. At the conclusion, a Conciliation Agreement ("Agreement") containing the terms of settlement of Ms. Lopez's charge was executed by Mr. Charlie Cabler, City Manager for City of Brownsville, on behalf of Brownsville, Mr. Pedro Esquivel, then Director of U.S. E.E.O.C. field office San Antonio, Texas signed on behalf of the U.S. Equal Employment Opportunity Commission, and Ms. Lopez signed pro se.

21. The Conciliation Agreement provided that Respondent Brownsville …. is willing to resolve the charges by agreement and to treat municipal judge appointment positions as covered employee positions in the future. (See Exhibit 1 - *Third opening paragraph*).

22. In consideration, Charging Party, Lopez, waives, releases and covenants not to sue Respondent with respect to the matters which were or might have been alleged as charges, in 2007, filed with the Equal Employment Opportunity Commission, subject to performance by the Respondent of the promises and representations contained herein. (See Exhibit 1- page 1, I. General Provisions, paragraph 1, Charging Party's Covenant Not to Sue).

23. On page 2, paragraph 3: <u>All Employment Practices to be Conducted in Non-Discriminatory Manner -</u> Respondent Brownsville agrees that all hiring and promotion practices and other terms and conditions of employment shall be maintained and conducted in a manner which does not discriminate on the basis of race, color, sex, religion, national origin, disability or age. (See Exhibit 1- page 1, I. General Provisions, paragraph 1, Charging Party's Covenant Not to Sue).

24. paragraph 3 continued, ….  The Commission agrees that … extension of the Respondent's Personnel Policy Manual to the Municipal judge employment positions adequately guarantees Title VII compliance to the satisfaction of the Commission. (See Exhibit 1- page 1, paragraph 3 continued).

25. On page 2, paragraph 4. <u>Retaliation Prohibited</u> – Respondent Brownsville agrees that there shall be no discrimination or retaliation of any kind against any person because of opposition to any practice declared unlawful under Title VII of the Civil Rights Act of 1964. (See Exhibit 1- page 2, paragraph 4 – Retaliation Prohibited).

26. On page 3, IV Title VII Compliance & Reporting Requirements, paragraph 1. <u>Title VII Application to Municipal Judge Employee Positions.</u> Consistent with the legal determination made by the Commission, to the effect that the appointed municipal judge positions in the City of Brownsville, are positions covered by Title VII, as amended, and are therefore subject to the jurisdiction of the Commission, Respondent City agrees to modify its previous policy and practice of treating the appointments of the municipal judge positions by the City Manager as excluded from the coverage of Title VII. City failed to modify its policy and practice of treating the appointments of the municipal judge positions by the City Manager as excluded from the coverage of Title VII. City agrees to treat the appointment of the municipal judge positions, whether full time or part time as employee positions subject to the Personnel Manual, and by extension to Title VII, as amended. The Commission finds that treatment of the appointed municipal judge positions as employee positions under the Personnel Policy Manual will assure compliance with Title VII enforcement initiatives. The Commission further agrees that the terms of this Conciliation Agreement does not extend to municipal judge services that are contracted on an as-

needed basis and which do not involve an appointment to a budgeted position per se. (See Exhibit 1- page 3, paragraph 1 – <u>Title VII Application to Municipal Judge Employee Positions</u>). (See Exhibit 22 – Title VII Civil rights Act 1964.)

27. The Conciliation Agreement was signed May 2008 by Mr. Cabler, City Manager, Lopez, and by EEOC, Mr. Pedro Esquivel. (See Exhibit 1 – Conciliation Agreement).

28. In the Conciliation Agreement City agreed as follows:

> Whereas, the Respondent has denied, and continues to deny, the veracity of the charges, but is nonetheless willing to resolve the charges by agreement and to treat municipal judge appointment positions as covered employee positions in the future;
>
> -   Exhibit 1 - Page 1

And on page 3, City of Brownsville agreed under roman numeral IV. TITLE VII COMPLIANCE & REPORTING REQUIREMENTS, Paragraph 1, titled: Title II Application to Municipal Judge Employee Positions.

> 1.  <u>Title VII Application to Municipal Judge Employee Positions</u>. Consistent with the legal determination made by the Commission, to the effect that the appointed municipal judge positions in the City of Brownsville, are positions covered by Title VII, as amended, and are therefore subject to the jurisdiction of the Commission, Respondent agrees to modify its previous policy and practice of treating the appointments of the municipal judge positions by the City Manager as excluded from the coverage of the Title VII. The EEOC finds that Respondent already has in place a Title VII compliance policy and practices, contained in the Respondent's Personnel Policy Manual, which are acceptable to the EEOC. Respondent agrees to treat the appointment of the municipal judge positions, whether full time or part time as employee positions subject to the Personnel Manual, and by extension to Title VII, as amended. The Commission finds that treatment of the appointed municipal judge positions as employee positions under the Personnel Policy Manual will assure compliance with Title VII

> enforcement initiatives. The Commission further agrees that the terms of this Conciliation Agreement does not extend to municipal judge services that are contracted on an as-needed basis and which do not involve an appointment to a budgeted position per se.

29. A fully executed copy of the Conciliation Agreement is filed as Exhibit 1.

30. The U.S. EEOC and charging party have learned that Respondent Brownsville breached the Conciliation Agreement by failing to make the changes to Respondent's Personnel Policy Manual allowing City, by and through, City's City Manager to treat municipal court judge positions as non-employee positions not covered by Title VII. As stated on page 3, IV Title VII Compliance & Reporting Requirements, paragraph 1. <u>Title VII Application to Municipal Judge Employee Positions.</u> Consistent with the legal determination made by the Commission, to the effect that the appointed municipal judge positions in the City of Brownsville, are positions covered by Title VII, as amended, and are therefore subject to the jurisdiction of the Commission, Respondent City agrees to modify its previous policy and practice of treating the appointments of the municipal judge positions by the City Manager as excluded from the coverage of Title VII. City failed to modify its policy and practice of treating the appointments of the municipal judge positions by the City Manager as excluded from the coverage of Title VII. (See Exhibit 1 – page 3, paragraph 1, <u>Title VII Application to Municipal Judge Employee Positions</u> and Exhibit 14 – City Ordinance regarding Judicial Appointments).

31. On or about July 2021, Respondent had an opening for fulltime Presiding Municipal Court judge. Charging party submitted a resume and application via email to City Manager, Mr. Bernal for the full-time presiding municipal court judge position. Mr.

Noel Bernal responded to the email and thanked charging party for her interest in the fulltime presiding judge position. (See Exhibit 7 – emails).

32. However, City of Brownsville, by and through, City Manager, Noel Bernal intentionally discriminated against charging party, and intentionally, violated and breach the Conciliation Agreement by intentionally discriminating against charging party Lopez by failing to interview charging party and intentionally depriving charging party of the opportunity to compete with the position for fulltime presiding judge. City intentionally breached the Conciliaiton Agreement wherein City contracted to treat the appointment of the municipal judge positions, whether full time or part time as employee positions subject to the Personnel Manual, and by extension to Title VII, as amended. (See Exhibit 1 – page 3, paragraph 1, <u>Title VII Application to Municipal Judge Employee Positions</u>). The EEOC in 2024 issued its determination letter finding reasonable cause that City appointed a lesser qualified male to the position of fulltime presiding municipal judge. (See Exhibit 2 – 2024 EEOC determination letter). (See Exhibit – City's Job Description Presiding Judge).

33. Furthermore, City of Brownsville, by and through, its City Manager intentionally failed to treat the municipal court positions as employee positions subject to the Personnel Manual. Respondent without posting the position of Presiding Judge and without giving charging party an opportunity to apply and be interviewed, Respondent unilaterally intentionally engaged in retaliation against charging party for the 2007 EEOC complaint and breached the Conciliation Agreement. The EEOC issued a determination of reasonable cause and found that City engaged in sex discrimination by appointing a younger, less qualified, male, to the position of Presiding Judge in violation of §§ 703(a)(1)

and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a). (See Exhibit 2 EEOC Letter of Determination). (Also, see Exhibit 1 – page 3, paragraph 1, <u>Title VII Application to Municipal Judge Employee Positions</u>).

34. In addition, Plaintiff Lopez alleges that the City engaged in a pattern and practice of discrimination against females, specifically, charging party on the basis of her sex in violation of § 707 of Title VII, 42 U.S.C. § 2000e-6, by: (1) creating, maintaining, and condoning the appointment of judges without posting the job openings and disallowing competitive competition for all female applicants (charging party); and (2) by failing to enact the stipulated and agreed to conditions in the 2008 Conciliation Agreement specifically that all judicial positions would be treated as all other City employee positions; thus, engaging in breach of said contract. (See Exhibit 1 – page 3, paragraph 1, <u>Title VII Application to Municipal Judge Employee Positions</u>).

35. In the 175-years of the existence of City, a female has never been appointed to the position of fulltime Presiding Municipal Judge. (See Exhibit 8 and 9 City Charter).

36. The Conciliation Agreement entered into by Respondent City of Brownsville, U.S. EEOC and charging party, Elia Cornejo Lopez agreed that:

"Respondent (City of Brownsville) agrees to treat the appointment of the municipal judge positions, whether full time or part time as employee positions subject to the Personnel Manual, and by extension to Title VII, as amended." (See Exhibit 1 – page 3, paragraph 1, <u>Title VII Application to Municipal Judge Employee Positions</u>).

37. City failed to abide by the terms of the Conciliation Agreement and breached the Conciliation Agreement. The evidence shows that since 2008 City failed to change its Personnel Manual and failed to post, open the positions for municipal court judgeships,

and failed to give equal opportunity to women interested in being municipal judges in violation of the Conciliation Agreement. The intentional breach of the Conciliaiton Agreement and the continuous pattern and practices acts resulting in a disproportionate disparate impact is a breach of the Conciliation Agreement and intentional discrimination against charging party. (See Exhibit 1 – page 3, paragraph 1, (<u>Title VII Application to Municipal Judge Employee Positions</u>) and (See Exhibit 16 - *Griggs, et. al. v. Duke Power Co. ,* 401 U.S. 424 (1971)) and Exhibit 14 – City Ordinance Re: Municipal Judges).

38. City continued to hire municipal judges without complying with Title VII and without complying with the Conciliation Agreement. On or about 2012, City hired Valerie Garcia. However, City paid Garcia less money than the male judges. Upon learning of the pay disparity, Garcia complained, and Garcia was terminated. (See Exhibit 11 – Valerie Garcia lawsuit).

39. On or about October 29, 2016, Respondent City hired three male part-time associate municipal judges without posting the judicial openings, without soliciting resumes and applications, without conducting interviews, depriving women, specifically charging party, the opportunity to apply and compete for the positions in breach of the Conciliaiton Agreement and intentionally engaged in it usual pattern and practice creating disproportionate disparate impact against women, specifically charging party.

40. On or about October 29, 2016, women expressed an interest in being appointed parttime municipal court judge.  The women submitted applications and made telephone calls to the City Human Resource office personnel and the City Manager. These women were local attorneys Patricia Hernandez Edelstein, Erin Hernandez Garcia, Elizabeth Valdez Garza, Rebecca Rubane, Aida Montenaro, and Sonia Herrera, among

others. All women were deprived of the opportunity to compete for the Title VII positions. City in its pattern and practice appointed lesser qualified males to the three positions of municipal judges in violation of Title VII and in breach of the Conciliation Agreement. The presumption is that the City intentionally engaged in its usual pattern and practice of appointing judges in breach of the Conciliation Agreement because the female candidates would prove to be most qualified. The intentional continuous customary use of the customary pattern and practice resulted in disproportionate disparate impact against women. The seven women sued the City for violation of their 14th Amendment rights. (See Exhibit 12 – lawsuit by Patricia Hernandez Edelstein, et. al.).

41. City and City's attorneys the Law Offices of Denton, Navarro, Rodriguez, Bernal, Santee & Zech, P.C. were aware of the existence of the Conciliation Agreement; however, they failed to notify the Plaintiff's in Cause No. 1:20-CV-00024 styled Edelstein, et. al. v. City of Brownsville in the U.S. District Court for the Southern District of Texas, Brownsville Division. (See exhibits 10 and 12). The Plaintiffs in in Cause No. 1:20-CV-00024 styled Edelstein, et. al. v. City of Brownsville could have been sued for breach of the Conciliation Agreement; however, they were unaware of the existence of the Conciliation Agreement. City and its attorneys were aware of the conciliation agreement as the defense firm prepared the Conciliation Agreement. (See exhibit 10 and 12).

42. On or about July 2021, charging party Lopez learned that City had an opening for fulltime Presiding Municipal Judge. Charging Party Lopez sent an email, a resume, and an application to City Manager Roel Bernal and to the HR Director. City Manager Roel Bernal responded that he had received the resume and thanked charging party

Lopez for her interest in the fulltime Municipal Presiding Judge. . (See Exhibit 7 – emails with Noel Bernal and Exhibit 6 – resume).

43. A few days later charging party learned that City appointed a male to the position of Presiding Municipal Judge without conducting interviews in breach of the Conciliation Agreement and in violation of Title VII. The Conciliation Agreement on page 2 contractual obligations are:

All Employment Practices to be Conducted in Non-Discriminatory Manner – Respondent agrees that all hiring and promotion practices and other terms and conditions of employment shall be maintained and conducted in a manner which does not discriminate on the basis of race, color, sex, religion, national origin, disability, or age.                                                                      **– Page 2**

and

Respondent City agrees to treat the appointment of the municipal judge positions, whether full time or part time as employee positions subject to the Personnel Manual, and by extension to Title VII, as amended. (See Exhibit 1- page 3, paragraph 1 – Title VII Application to Municipal Judge Employee Positions).          **– Page 3**

44. Charging Party Lopez alleged in the 2021 charge of Discrimination EEOC No. 451-2022-00249 sex discrimination and breach of the Conciliation Agreement. (See Exhibit 4 – 2021 charge of discrimination). Charging Party alleges intentional sex discrimination and intentional breach of the Conciliation Agreement as set out in the paragraphs above and incorporated here.

45. Lopez alleged in the 2021 charge of Discrimination EEOC No. 451-2022-00249 retaliation in breach of the Conciliation Agreement. (See Exhibit 4). Lopez alleged intentional retaliation as set out in the paragraphs above and incorporated herein. City agreed not to retaliate against charging party for filing a complaint with the EEOC in 2007

that resulted in the Conciliation Agreement. The Conciliation Agreement signed by Respondent City, EEOC, and charging party prohibited retaliation. Charging party alleges that Respondent intentionally retaliated against Lopez by appointing a judge in breach of the Conciliation Agreement and in violation of Title VII. On page 2, of the Conciliation Agreement: (See Exhibit 4).

Retaliation Prohibited – Respondent agrees that there shall be no discrimination or retaliation of any kind against any person because of opposition to any practice declared unlawful under Title VII of the Civil Rights Act of 1964, as amended, or because of the filing of a charge; giving testimony or assistance, or participating in any manner in an investigation, proceeding or hearing under Title VII or any other statute the EEOC enforce.                                                  – Page 2

46. Charging Party also alleged in the 2021 charge that City intentionally engaged in Age Discrimination against charging party by hiring a younger male and charging party is over the age of sixty years of age. (See Exhibit 4 – charge of Discrimination).

47. The continuous pattern and practices of City appointing municipal judges without posting the positions, not accepting resumes and applications, and without conducting interviews in breach of the Conciliation Agreement has created a disproportionate disparate impact. The evidence reflects that in the entire history of the City's existence a great number of males have been appointed and only males have been promoted to presiding judge. This continuous pattern and practice have led to women not being hired as municipal judge in disproportionate numbers. These actions by City led to an adverse disparate impact causing discrimination on the basis of sex discrimination. *Griggs, et. al. v. Duke Power Co. ,* 401 U.S. 424 (1971). (See exhibit 16).

48. City became a settlement around the fort in 1848 and was incorporated in 1853. In 159 years, Lopez became the first female part time municipal judge. In 173 years, City has never appointed a female full time Presiding Municipal judge. In 2021, Lopez would have been the first female Presiding Municipal judge. (See Exhibit 4, Exhibit 8 and Exhibit 9).

49. As a result, Lopez filed a complaint with the  EEOC office alleging intentionally breach of the Conciliation Agreement, intentional sex discrimination, retaliation for filing a 2007 complaint with EEOC, and intentional age discrimination. (See exhibit 4). In March 2024, the EEOC issued a determination finding reasonable cause of discrimination. The EEOC 2024 Determination letter is attached hereto as exhibit 2 – EEOC 2024 Determination letter.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Antonio Field Office**

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
San Antonio Direct Dial: (210) 640-7530
FAX (210) 281-2522
Website: www.eeoc.gov

EEOC Charge No. 451-2022-00249

ELIA C. LOPEZ                                              Charging Party
235 Sunset Drive
Brownsville, TX 78520

CITY OF BROWNSVILLE                              Respondent
c/o Rebecca S. Hayward
Denton Navarro Rocha Bernal & Zech, P.C.
701 E. Harrison, Ste. 100
Harlingen, TX 78550

## DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulations, I issue on behalf of the Commission the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended (Title VII), and the Age Discrimination in Employment Act of 1967, as amended (ADEA).

Respondent is an employer within the meaning of Title VII and the ADEA, and timeliness and all other requirements for coverage have been met

Charging Party alleges the Respondent discriminated against her due to her sex, female, her age and in retaliation for having filed a previous charge of employment discrimination (451-2007- 01332). Specifically, Charging Party states she filed a previous charge of employment discrimination, in which EEOC found reasonable cause and successfully conciliated the charge in May of 2008. On or around June of 2021, Charging Party states she learned of a judicial vacancy and in July of 2021, she emailed an unsolicited resume to the Respondent expressing interest in the vacant position. Charging Party was not considered or interviewed, and on or around August 12, 2021, a lesser qualified younger male was appointed Municipal Court Presiding Judge without Respondent posting the position in question.

Respondent contends its judicial positions are not employees of the Respondent but instead appointees, and as such, the Equal Employment Opportunity Commission (EEOC) does not have jurisdiction over the matter. Respondent further states that when its Chief resigned, the City Manager, Noel Bernal, appointed Rene De Coss without interviewing or soliciting resumes. Respondent states its decision to appoint De Coss was based on his institutional knowledge, specifically with the City of Brownsville,

Municipal Court, as he served as City Attorney and Associate Municipal Judge. Respondent also asserts that at the time he made the appointment, Mr. Bernal was not aware of Charging Party's prior charge filed against the Respondent.

During the investigation, the parties were afforded the opportunity to submit evidence in support of their respective positions. Examination of the evidence obtained during the investigation revealed Charging Party filed a previous charge of employment discrimination (451-2007- 01332). In that case, EEOC made a reasonable cause determination and the parties, including the Respondent, entered into a successful conciliation agreement. Respondent agreed that it would treat municipal judge appointment positions, whether full time or part time, as covered employee positions subject to the Respondent's Personnel Policy Manual, and by extension positions covered under Title VII. The evidence also shows the Respondent had a vacancy for the Municipal Court Presiding Judge position during the period in question, for which Charging Party was qualified but Respondent admits she was not considered. Respondent also admits that despite Charging Party's extensive qualifications, including prior experience working with the Respondent, it did not interview or consider her resume, but instead appointed a lesser experienced male candidate without posting said position.

As such, I find there is reasonable cause to believe that Respondent discriminated against the Charging Party due to her sex, female, in violation of Title VII when it appointed a less qualified male, without posting the position and/or considering Charging Party's resume or qualifications. Respondent denied the Charging Party the opportunity to apply and be considered for the position, and instead, violated the

terms of a prior conciliation agreement in which it agreed that all hiring practices be conducted in a non-discriminatory manner and appointed a less qualified male.

No finding is made regarding any other issues that might be construed as having been raised by this charge.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. If you wish to participate in conciliation, please email Maribel Rosales at maribel.rosales@eeoc.gov, within 10 days from the date of this Letter of Determination.

When the Respondent declines to enter into conciliation discussions, or when for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to the Charging Party and the Commission. The confidentiality provisions of the statute and Commission Regulations apply to information discussed or given during conciliation.

On Behalf of the Commission:

NORMA GUZMAN   Digitally signed by NORMA GUZMAN

March 12, 2024
Date

Date: 2024.03.12 09:08:48 -05'00'

50. As of the date of the filing of this action, City has not made a reasonable offer to fulfill its obligation pursuant to the terms of the Conciliation Agreement. City's breach of the Conciliation Agreement for which Plaintiff seeks immediate specific performance and enforcement of all of the terms of the Agreement. (See Exhibit 13 - *EEOC v. Leona's Pizzeria, Inc.*, N.D. Illinois No. 1:12-cv-07335 assigned to U.S. District Judge James B. Zagel).

51. During the application process Lopez is only a person seeking a judicial position. If Lopez is appointed, she would become a judge upon taking the Oath of Office. (See Exhibit 14 – City Ordinance regarding Judicial Appointments).

52. The Legislative Branch of Government for City is its City Commission who is vested with the authority to create policy for City of Brownsville. City created and adopted the City Ordinance authorizing the City Manager to appoint the Municipal Judges as non-employee positions covered by Title VII. The City failed to amend said ordinance to comply with the Conciliation Agreement, specifically requiring the City Manager to conduct his/her appointments in compliance with the Conciliation Agreement and in compliance with Title VII of the Civil Rights Act of 1964, as amended.

53. Charging party's complaint 451-2022-00249 is against the Executive and Legislative Branches of Government, not the Judicial Branch. Lopez submitted a resume

and an application to City for a judicial position. (See exhibit 6 – Lopez's resume). However, Lopez did not join the ranks of the Judicial Branch of Government because a male was appointed Presiding Judge. Being an applicant for Judge does not make one a judge. The applicant is not deprived of the protections of Title VII. (See Title VII of the Civil Rights Act of 1964, as amended).

54. A close review of the facts shows that the job opening, the job posting, the application process, the objective job interviews, the selection of the applicant for Municipal Judge is supposed to take place within the Executive Branch of Government. It is not until the selectee / appointee takes the oath of office of a judicial officer that the appointee joins the Judicial Branch of Government.

55. Applicants for Municipal Judges are not Judges and member of the Judicial Branch of Government simply because they seek and apply for a judicial position. The application process to become a Judge takes place in and by the Executive and Legislative Branches of Government.  The applicant selected to be appointed Judge joins the Judicial Branch of Government only upon the appointee taking the OATH of OFFICE. (See Exhibit 14 - City Ordinance regarding Judicial Appointments).

56. Prior to the applicant/ appointee taking the oath of office, the applicant is in the executive branch of government and Title VII applies to all persons seeking employment.

57. The U.S. Federal judges are recommended for appointment to Congress by the President of the United States of America. The President is a member of the Executive Branch of Government.  The appointment takes place pursuant to Article III of the Federal Constitution which was written by the Legislative Branch of

Government.  The U.S. judges are confirmed by the Senate a body of the Legislative Branch of Government.

---

## Federal Judges - U.S. Courts Administration

Article III of the U.S. Constitution governs the appointment of Supreme Court justices, circuit, and district judges. These judges, "Article III judges," are nominated by the President and confirmed by the U.S. Senate.  Article III states that the judges "hold their office during good behavior," meaning they have a lifetime appointment.  Article III judges can be removed from office only through impeachment  by the House of Representatives and conviction by the Senate. The Constitution also provides that judges' salaries cannot be reduced while in office. Article III judicial salaries are not affected by geography or length of tenure. All judges receive the same salary.

---

58. Once the applicant takes the oath of office, he/she joins the ranks of the Judicial Branch of Government and becomes a Judge who is now independent to do his/her job, to rule guilty or not guilty, unchecked by the Executive and Legislative Branches of Government.

59. City has argued that the legislative branch, Congress, in drafting the Civil Rights Act of 1964 authorized the executive branch to discrimination in the appointment of Judges because a Judge may only be removed by the Texas Judicial Commission.

60. The applicant for the Municipal Judge position, who is selected to be the judicial appointee must take an oath prior to joining the ranks of the Judicial Branch of Government.  (See Exhibit 14 - City Ordinance regarding Judicial Appointments).

---

**28 U.S. Code§ 453 - Oaths of justices and judges**

   Each justice or judge of the United States shall take the following oath or affirmation before performing the duties of his office: "I**, _____,** do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as Judge under the Constitution and laws of the United States. So, help me God."

(June 25, 1948, Ch. 646, <u>62 Stat. 907</u>; <u>Pub. L.101-650, title IV § 404</u> Dec. 1, 1990, <u>104 Stat. 124</u>.).

---

61. The Texas Constitution mirrors the U.S. Constitution for Judges, and reads as follows:

---

**The Texas Constitution, Article 16. GENERAL PROVISIONS**

   SEC. 1. OFFICIAL OATH OF OFFICE. (a) All elected and appointed officers, before they enter upon the duties of their offices, shall take the following Oath or Affirmation:
   "I, _____, do solemnly swear (or affirm), that I will faithfully execute the duties of the office of _____ of the State of Texas, and will to the best of my ability preserve, protect, and defend the Constitution and laws of the United States and of this State, so help me God."                    (See Exhibit 20 – Tx Constitution).

---

62. The Local Government Code for Municipal entities and Municipal Judges has the same Oath requirement for state, county, and municipal judges - the taking of an oath before becoming members of the Judicial Branch of Government. Until the oath is taken, the applicant, now appointee, may not perform any judicial function. It reads as follows:

---

## Chapter 10 - COURTS AND JAILS

(1)   **State Law reference-** Courts generally, V.T.C.A., Government Code§ 21.001 et seq.; municipal courts, V.T.C.A., Government Code§ 29.002 et seq.; justice and municipal courts.

---

63. The law is similar for Municipal Court Judges. It reads as follows:

---

ARTICLE II. - **MUNICIPAL COURT**

- **Sec. 10-19. - Established.**  The city has created a court in and for the city that shall be known as the municipal court. The court shall have jurisdiction as provided by general law for municipal courts as contained in V.T.C.A., Government Code§ 29.003 and Vernon's Ann. C.C.P. art. 4.14.

- **Sec. 10-20. - Judges.**

  *Appointment; term; compensation.* The municipal court shall be presided over by a judge, who shall be known as the municipal court judge. The judge shall be appointed by a contractual agreement of the city for a term of two or four years and shall be entitled to a monthly stipend set forth in the contractual agreement.

  *Qualifications.* The judge must be a citizen of the United States and a resident of this state.

  *Oath of office.* The judge must take the oath of office and be sworn in upon the appointment of each contractual agreement with the city.

---

The City of Brownsville also requires the taking of the Oath before presiding over any cases in the Municipal Court. (See Exhibit 14 – City Ordinance).

64. The City of Eagle Pass authorizes the City Manager to make all appointments; however, all appointments including Judicial appointments must comply with Title VII of the Civil Rights Act of 1964. In Cause No. Dr-95-CA-85 styled Gomez v Eagle Pass, 91 F.Supp.2d 100 the ordinance reads as follows: (See Exhibit 17).

> Charter, City of Eagle Pass §§ 1 & 7. Section 1- 1 of [**11] the Charter states, in pertinent part: Pursuant to its provisions and subject only to the limitations imposed by the state constitution, the statutes of this state, and by this charter, all powers of the city shall be vested in an elective council, hereinafter referred to as the city council, which shall enact local legislation, adopt budgets, determine policies and appoint the city manager, who in turn shall be held responsible to the city council for the execution of the laws and the administration of the government of the city. Further, *the Charter explicitly states that those administrative responsibilities charged to the **city manager,** including the duty to appoint and remove employees, are not plenary, but instead **are controlled by federal and state statutes,** local ordinances, and the provisions of the Charter itself. (See exhibit 17 – Gomez v. Eagle Pass).

65. The selected appointee is in the executive branch of government until he/she takes the oath of office. Upon taking the oath of office, the appointee becomes a judge and a member of the Judicial Branch of Government. Charging party never joined the Judicial Branch of Government because the executive branch, the City Manager, Bernal, intended to and did breach the Conciliation Agreement, did intent to and did discriminate in age (ADEA) and sex discrimination and did retaliate against charging party for the 451-2007-01332 EEOC complaint that resulted in the Conciliation Agreement. As an applicant whether solicited or not, Title VII applies to the hiring and selection process of all employees including those applying for the Municipal Judge appointment from the executive branch of government designee.

66. City of Brownsville's Ordinance to date still reads as it did in 2007 outside and exempt from Title VII. The City Manager continues to appoint Municipal Judges without

adhering to the Conciliation Agreement in violation of federal and state law. The City of Brownsville breached its contractual obligations with the EEOC. (See exhibit 1 – Conciliation Agreement and Exhibit 14 – City Ordinance Re: Municipal Court Judges).

67. Title VII applies to applicants, otherwise, employers would not hire anyone of color, and they could not be sued under the non-employee exception argued by City of Brownsville. If this proposition were true, no applicant could sue for discrimination. In a press release the EEOC wrote: (See exhibit 24 - EEOC Press Release titled Prohibited Employment Policies / Practices:

---

### Prohibited Employment Policies/Practices

Under the laws enforced by EEOC, it is illegal to discriminate against someone *(applicant* or employee) because of that person's race, color, religion, *sex* (including gender identity, sexual orientation, and pregnancy), national origin, *age (40 or older),* disability or genetic information. It is also illegal to retaliate against a person because he or she complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit.

The law forbids discrimination *in every aspect of employment.*

**Application** & **Hiring**

It is illegal for an employer to discriminate against a job applicant because of his or her race, color, religion, sex (including gender identity, sexual orientation, and pregnancy), national origin, age (40 or older), disability or genetic

---

### FAILURE TO TRAIN AND SUPERVISE

68. City failed to train the Human Resources office and the City Managers on Title VII and the specifics of the Conciliation Agreement.

69. The City was previously put on notice of such illegal practices in at least one prior suit or action and at numerous Commissioner meetings, as to its failure to train and *failure to supervise.* The City's failure to stop and prohibit this widespread illegal

practice, illustrates to Plaintiffs that City **tolerates** and **acquiescence** City's federal right violations.

70. The Commissioners control the City Manager, and if the Commissioners noticed the disparity in the hiring process for highly sought after positions, they, as a whole, would have removed the City Manager.  Furthermore, they, as a whole, would have developed a **written** policy manual as to how each job will be posted and how the hiring procurement will occur. This was not done.  The City Commission failed to train and supervise and rectify the illegal hiring practices of the city. The City breached the Conciliation Agreement continuously since 2008 because it failed to modify the City Ordinance regarding the appointment of Municipal Court Judges to comply with Title VII and the contractual obligations of the Conciliation Agreement. (See Exhibit 14 – City Ordinance Re: Municipal Court).

## DAMAGES

71. Plaintiff seeks damages within the jurisdictional limits of this court:

A. Placement in the position or a substantially equivalent position, specific performance; *Carson v. Dep't. of Justice, EEOC Appeal No. 0120100078 (Feb. 16, 2012);*

B. Back pay, 5 C.F.R. Section 550.805, 29 C.F.R. Section 1614. 501(C)(1) and *Albemarle Paper Co. v. Moody,* 422 U.S. at 418-419 (1975) and *Davis v. U.S. Postal Service,* EEOC Petition No. 04900010 (Nov. 29, 1990).

C. Front / Future pay, all step or pay increases; past and future loss of income; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and *Stewart v. Dep't. of Homeland Security, EEOC Request No. 0520070124 (Nov. 14, 2011) and Brinkley v. U.S. Postal Service,* EEOC Request No. 05980429 (Aug. 12, 1999).

D. Loss of Benefits – annual leave, vacation, sick leave, health insurance, and retirement contributions. *Vereb v. Dep't. of Justice,* EEOC Petition No. 04980008 (Feb. 26, 1999); *Holly v. U.S. Postal Service,* EEOC Petition No. 04A50003 (Nov. 2, 2005).

E. Retirement Benefits; *Kretschmar v. Dep't. of the Navy,* EEOC Petition No. 04A40044 (Mar. 25, 2005).

F. non-compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowed by law. City of Brownsville has at all times employed more than 500 employes in each of 20 or more calendar weeks in the current or preceding years, especially since 2007 to the present. Sections 706 and 717 of the Civil Rights Act of 1964 [42 U.S.C. 2000e-5, 2000e-16] and Section 102 of the Civil Rights Act of 1991 (July 14, 1992) and Rivera v. Dep't. of the Navy, EEOC Appeal No. 01934157 (July 22, 1994).

G. Attorney's Fees and costs; 29 C.F.R. § 1614.501(e) and Title VII of the Civil Rights Act of 1964, <u>as amended</u> and  *Copeland v. Marshall*, 641 F.2d 880 (D.C. Cir. 1980); *EEOC v. Madison Community Unit Sch. Dist.* 12, 818 F.2d 577 (7th Cir. 1987); *Cerny v. Dep't. of the Navy*, EEOC Request No. 05930899 (Oct. 19, 1994).

H. Pre and Post Judgment Interest; and

I. All other relief in law and equity to which Plaintiff may be entitled to.

72. Charging party was at all times ready willing and able to work during the period of the back pay recovery.

**PRAYER FOR RELIEF**

73. Wherefore, the Complainant respectfully requests that this Court enter judgment as follows:

a. Entering an order of specific performance and order placement in the position or a substantially equivalent position as that of a Presiding Municipal Judge for the City of Brownsville;

b. damages for Back Pay and Retroactive Seniority from July 2021 to the present; future pay from the date of filing until final judgment; compensatory damages; and non-compensatory damages for an employer who has 500 or more employees;

c. damages for Front / Future pay, all step or pay increases; past and future loss of income;

d. damages for Loss of Benefits – annual leave, vacation, sick leave, health insurance, and retirement contributions;

e. damages for loss of retirement benefits;

f. damages for non-compensatory damages;

g. damages for future pecuniary losses;

h. damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowed by law;

i. attorney's fees and costs;

j. pre and post judgment interest; and

k. All other relief in law and equity to which Plaintiff may be entitled to.

l. enter judgment ordering Brownsville to perform all of its obligations under the terms stated in the Conciliation Agreement; (See Exhibit 1 – Conciliation Agreement).

m. order, as a part of the judgment, that Brownsville make Charging Party whole by ordering Brownsville to cure the violations, retaliation, discrimination, and breach of the Conciliation Agreement by immediately instating charging party as Presiding Municipal Court Judge;

n. order, as a part of the judgment that Brownsville comply with all of the nonmonetary terms included in the Conciliation Agreement;; and,

G. Grant such other and further relief as the Court deems necessary and proper.

Respectfully submitted,

/s/ *Elia Cornejo Lopez*
Elia Cornejo Lopez, SBN 04828800
1040 S Frontage Road
Brownsville, TX 78520
956-639-2911
eclopezlaw@yahoo.com

BY: /s/ Elia Cornejo Lopez
TX SBN: 04828800